# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3306-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

M.Z.,

     Defendant-Appellant.

_____

Submitted June 2, 2020 – Decided July 8, 2020

Before Judges Yannotti and Hoffman.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No.14-06-1032.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Lillian M. Kayed, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant M.Z. appeals from the January 31, 2019 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

On May 28, 2014, a Hudson County grand jury returned Indictment No. 14-06-1032 charging defendant with third-degree aggravated assault of a child, pursuant to N.J.S.A. 2C:12-1(b)(7) (count one); second-degree endangering the welfare of a child, pursuant to N.J.S.A. 2C:24-4(a)(2) (count two); fourth-degree abuse and neglect of a child, pursuant to N.J.S.A. 9:6-1 and 9:6-3 (count three); third-degree terroristic threats, pursuant to N.J.S.A. 2C:12-3(b) (count four); and fourth-degree possession of a weapon (a shoe), for an unlawful purpose, pursuant to N.J.S.A. 2C:39-4(d) (count five). Prior to trial, the State dismissed count four.

We derive the following facts from the trial record. At 12:55 a.m. on December 27, 2013, the Jersey City Police Department (JCPD) received a 9-1-1 call. The caller told the 9-1-1 operator a violent domestic dispute just occurred between her child, her husband, and herself. When a JCPD officer responded to the specified address, the officer found Maysa[1] standing on the street, without

---

[1] To preserve confidentiality, we refer to the victim using a pseudonym. R. 1:38-3(c)(9).

A-3306-18T2

shoes or a coat, cradling a child, in her arms. The child's left eye was swollen and red. The officer entered the residence and recovered a shoe from the premises. Police transported Maysa and the child to Jersey City Medical Center, where medical professionals diagnosed the child as suffering a head contusion.

In 2015, the State presented its case against defendant before a jury. The State introduced evidence showing defendant injured the child, who was three-and-one-half-years old at the time. Specifically, the State presented evidence derived from a triage note taken from Jersey City Medical Center stating the child "was hit multiple times with a shoe. Bruising and swelling [was] noted to the left side of [her] forehead. [Maysa] reporte[ed] one episode of vomiting." Additionally, Officer Adrienne Murrell testified the child was visibly injured with swelling and redness protruding from her face. The State also introduced photographs of the child's injuries that were admitted into evidence.

During her opening statement, the assistant prosecutor stated the jury would see the swelling on the child's face, the "loss of blood vessels," and a welt on the child's face after explaining to the jury that defendant was charged with aggravated assault. While defense counsel objected on other grounds during the opening statement, the trial court provided a comprehensive curative instruction advising the jury "to disregard any statements . . . alleged to have been made

until and unless you hear . . . them as evidence. . . ." The court provided a similar instruction prior to summations.

Defense counsel did not object when a police officer testified that he advised Maysa of her "domestic violence rights," which included her right to seek a temporary restraining order (TRO). The officer also stated he informed Maysa the Division of Youth and Family Services would provide her all necessary information if she wanted to go to a shelter for battered women. On cross-examination, defense counsel questioned the officer about Maysa's domestic violence rights. Defense counsel elicited that Maysa did not file a domestic violence complaint against defendant on the night of the incident.

The jury convicted defendant of abuse and neglect of a child (count three),[2] acquitted him of unlawful possession of a weapon (count five), but failed to reach a verdict on counts one and two, aggravated assault, and endangering the welfare of a child.

On August 7, 2015, the court sentenced defendant to time served, which was 530 days. Defendant appealed from the judgment of conviction asserting

---

[2] The jury had difficulty reaching a verdict on all charges. Following an <u>Allen</u> charge, a partial verdict was rendered. <u>See</u> <u>Allen v. United States</u>, 164 U.S. 492 (1896).

A-3306-18T2

prosecutorial misconduct and evidential errors denied him a fair trial. He raised the following arguments:

POINT I.

THE STATE'S INTRODUCTION INTO EVIDENCE OF INADMISSIBLE, UNDULY PREJUDICIAL EVIDENCE VIOLATED N.J.R.E. 404(B) AND DENIED DEFENDANT DUE PROCESS AND A FAIR TRIAL.

A.     Throughout the course of the trial, the prosecutor engaged in a series of inappropriate remarks designed to suggest that [defendant] beat [Maysa] and that she did not appear at trial because she is hiding.

B.     Witness statements at trial that [Maysa] was pregnant, had been beaten by [defendant], and had fled to a women's shelter, prejudiced [defendant] and deprived him of his right to a fair trial.

C.     The prosecutor's use of inadmissible evidence in opening and summation was improper and deprived [defendant] of his right to a fair trial.

POINT II.

HEARSAY TESTIMONY OF [THE OFFICER] WITH RESPECT TO A CONVERSATION WITH [MAYSA] WAS ERRONEOUSLY ADMITTED INTO EVIDENCE AND RESULTED IN THE INTRODUCTION OF A SHOE ALLEGEDLY USED IN THE ASSAULT.

5

We rejected these arguments and affirmed, finding there was no prosecutorial misconduct or evidential errors that denied defendant a fair trial. State v. M.Z., No. A-0464-15 (App. Div. May 8, 2017), slip. op. at 14. We reviewed the assistant prosecutor's opening and closing remarks and the admission of certain testimony that defendant alleged was prejudicial. Id. at 13-14. Notwithstanding the alleged errors, we found defendant received a fair trial and the "State's proofs on count three were strong. . . ." Id. at 14. We further ruled the "alleged errors were the sort that could be cured by . . . prompt instruction[s]" from the court. Id. at 10. Apparently as a result of defendant's conviction, the federal government commenced proceedings seeking his deportation in 2016.

On July 9, 2018, defendant filed a pro se PCR petition, alleging he was denied the effective assistance of trial counsel. He was assigned PCR counsel who filed a supplemental brief dated December 12, 2018. On January 31, 2019, the PCR court heard oral argument on defendant's petition.

Defendant asserted the assistant prosecutor's comments regarding the child's injuries were improper because the State did not intend to present any medical testimony regarding the injuries. Defendant further argued defense counsel was deficient for failing to object after a police officer testified he

advised Maysa of her "domestic violence rights," including her right to seek a TRO, and informed her that information was available if she wanted to go to a shelter for battered women. Defendant also claimed defense counsel was deficient when he opened the door to the admission of evidence that the child's mother had obtained a TRO and her last-known address was in a shelter for battered women.

The PCR court rejected these arguments without a hearing, finding the trial court promptly addressed the alleged improper comments by instructing the jury that the prosecutor's statements were not evidence. The PCR court also found the police officer's comments about the shelter for battered women occurred outside the presence of the jury. The court further ruled that defense counsel's questioning of the police officer about a TRO during cross-examination constituted reasonable trial strategy because counsel wanted to establish Maysa did not seek a TRO on the night of the incident, which could undermine any claim of domestic violence.

The PCR court ruled defendant failed to meet the first prong of Strickland.[3] The court found that even if defendant did meet the first prong, he "absolutely does not make the second part . . . of Strickland." The court reasoned

---

[3] Strickland v. Washington, 466 U.S. 668, 687 (1984).

A-3306-18T2

defendant's assertions were "mere conclusory allegations" and declined to grant an evidentiary hearing. The court explained, "Everything [] defendant is claiming in this matter . . . occur[ed] in the courtroom. On the record. There's absolutely no need for an evidentiary hearing . . . ."

On appeal, defendant raises the following argument:

POINT ONE.

THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING BECAUSE TESTIMONY IS NEEDED REGARDING TRIAL COUNSEL'S FAILURE TO MAKE OBJECTIONS TO DAMAGING TESTIMONY REGARDING THE VICTIM'S INJURIES AND MANY REFERENCES TO DOMESTIC VIOLENCE.

I

As noted, defendant contends his defense counsel provide him with ineffective assistance. Specifically, he argues defense counsel failed to object to the assistant prosecutor's characterization of the child's injury in her opening statement. He also asserts defense counsel failed to object to witness testimony about Maysa entering a battered woman's shelter and opened the door to prejudicial references regarding domestic violence against her.

To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test established in Strickland, 466 U.S. at 687, and

adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The defendant must show that: 1) counsel's performance was deficient; and 2) the deficient performance prejudiced the defendant. Strickland, 466 U.S. at 687.

To satisfy the first prong of the Strickland test, a defendant must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689. A deficient performance means that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.

To establish the second prong of the Strickland test, the defendant must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

In this case we are not persuaded by defendant's arguments. The PCR court reviewed our decision on direct appeal and agreed that the assistant prosecutor's comments regarding the description of the child's injuries were addressed by the judge's curative instructions. The PCR court found defense counsel exercised trial strategy when he cross-examined the officer to establish that Maysa did not seek a TRO. The PCR court pointed out that any comments

9

regarding the battered woman syndrome occurred outside the presence of the jury.

We agree with the PCR court's findings. The trial court provided adequate curative instructions after opening statements. Additionally, like the PCR court, we find defendant failed to overcome the "strong presumption" that his counsel executed trial strategy when he cross-examined the officer regarding the TRO. State v. Nash, 212 N.J. 518, 542 (2013).

Accordingly, the PCR court reasonably concluded that even if defendant satisfied the first prong of the Strickland standard, he could not satisfy the second prong. We agree with the PCR court's finding that the errors could not satisfy prong two of the Strickland test. Therefore, there is not a reasonable probability the result would have been different if defense counsel's alleged errors never occurred. State v. Harris, 181 N.J. 391, 432 (2004).

II

Defendant argues the PCR court abused its discretion in denying him an evidentiary hearing because "testimony is needed regarding [defense] counsel's failure to make objections to damaging testimony regarding the victim's injuries and many references to domestic violence."

An evidentiary hearing is required on a PCR petition only if the defendant presents a prima facie case in support of PCR, the court determines there are material issues of dispute fact that cannot be resolved based on the existing record, and the court determines that an evidentiary hearing is necessary to resolve the claims for relief. R. 3:22-10(b). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" State v. Porter, 216 N.J. 343, 355 (2013) (quoting R. 3:22-10(b)).

The record amply supports the PCR court's findings and conclusions. The PCR court determined it had all of the information before it and an evidentiary hearing would not aid it in ruling on defendant's petition. Defendant has not shown "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. He was unable to demonstrate the required prejudice. Having failed to establish a prima facie case, defendant was not entitled to an evidentiary hearing. State v. Preciose, 129 N.J. 451, 462 (1992). Accordingly, the PCR court did not abuse its discretion in denying an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-3306-18T2